**FOR PUBLICATION**

FILED & ENTERED

JAN 21 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Gerald Trey Costello,<br><br><br><br>Debtor(s).<br><hr>Catherine Michelle Davania,<br><br>Plaintiff(s),<br>v.<br><br>Gerald Trey Costello,<br><br>Defendant(s). | CHAPTER 7<br><br>Case No.: 8:25-bk-11944-SC<br>Adv. No.: 8:25-ap-01312-SC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM [DK. 6]**<br><br><u>Vacated Hearing</u>:<br>Date:    January 20, 2026<br>Time:    1:30 p.m.<br>Courtroom:  5C |

    The Court has reviewed Defendant Gerald Trey Costello's Motion to Dismiss Action for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012 [Dk. 6] ("Motion"), Plaintiff Catherine Michelle DaVania's Opposition thereto [Dk. 8] ("Opposition"), Plaintiff Catherine Michelle DaVania's Motion for Order

Deeming Adversary Complaint Timely Filed [Dk. 3] ("Motion to Deem Complaint Timely"), and Defendant Gerald Trey Costello's Opposition to the Motion to Deem the Complaint Timely Filed [Dk. 5] ("Opposition to Motion to Deem Complaint Timely"). The Court has also reviewed the dockets in this adversary proceeding and in the underlying bankruptcy case, including the Notices of Electronic Filing and the Clerk's Notice of Error issued in connection with Plaintiff's filings. Based on the pleadings and the record, the Court finds that this matter is appropriate for disposition without a hearing, and for the reasons set forth below, GRANTS the Motion and VACATES the January 20, 2026 hearing.

## I. General Background and Procedural Posture

Debtor Gerald Trey Costello ("Debtor" or "Defendant") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 16, 2025. Plaintiff Catherine Michelle DaVania ("Plaintiff") was properly scheduled on Schedule F and received notice of the bankruptcy filing. The deadline to file a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c) was October 27, 2025.

On October 27, 2025, Plaintiff electronically filed a document on the docket of the main bankruptcy case using the CM/ECF event code "Third-Party Complaint." The docket reflects the entry as "Third-Party Complaint by Catherine Michelle DaVania against Gerald Trey Costello" (Entered: 10/27/2025). When opened, the document itself is captioned "COMPLAINT FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. §§ 523(a)(6) AND 523(a)(2)(A)" and seeks a determination that Plaintiff's claim is excepted from discharge.

Notwithstanding the document's caption and substantive allegations, Plaintiff did not, on October 27, 2025, commence an adversary proceeding through the Court's CM/ECF system, did not pay the adversary filing fee, and no adversary proceeding number was assigned on that date.

On the morning of October 28, 2025, procedurally, the Clerk issued a Notice to Filer of Error and/or Deficient Document, stating that the document had been filed in the

incorrect case and instructing Plaintiff to withdraw the document and re-file it in the correct case. Later that same day, Plaintiff opened an adversary proceeding, paid the required filing fee, and re-filed the complaint. The Notice of Electronic Filing reflects that the adversary complaint was filed on October 28, 2025 at 3:09 p.m.

Plaintiff thereafter filed a Motion for Order Deeming Adversary Complaint Timely on October 29, 2025 [Dk. 3], relying primarily on Federal Rule of Bankruptcy Procedure 5005(c). That motion was never set for hearing. Defendant filed an Opposition to the Motion to Deem Complaint Timely on November 14, 2025 [Dk. 5]. On December 1, 2025, Defendant filed the present Motion to Dismiss [Dk. 6], asserting that the adversary complaint was untimely under Federal Rule of Bankruptcy Procedure 4007(c) and therefore failed to state a claim upon which relief could be granted. Plaintiff filed an Opposition to the Motion to Dismiss on December 29, 2025 [Dk. 8].

## II. The Parties' Positions

The parties' positions in both motions are largely duplicative.

### a. Plaintiff's Motion to Deem Complaint Timely

In the Motion to Deem Complaint Timely, Plaintiff asserted that although the adversary complaint was not opened under a separate adversary case number until October 28, 2025, the complaint itself was electronically delivered to the Court on October 27, 2025, the Rule 4007(c) deadline, when it was filed on the docket of the main bankruptcy case. Plaintiff characterized the filing error as a ministerial CM/ECF routing mistake resulting from the selection of an incorrect event code and argued that Federal Rule of Bankruptcy Procedure 5005(c) authorizes the Court, in the interest of justice, to deem the complaint filed as of the date it was originally delivered to the Court. Plaintiff emphasized that the complaint filed on October 28, 2025 in the adversary proceeding was identical to the document filed in the main case on October 27, 2025, that the error was promptly corrected after receipt of the Clerk's Notice of Error, and that Defendant suffered no prejudice because notice of the filing was received through the

Court's electronic noticing system. The Motion to Deem the Complaint Timely was never set for hearing by Plaintiff.

### b. Defendant's Opposition to the Motion to Deem Complaint Timely

On November 14, 2025, Defendant filed an Opposition to the Motion to Deem Complaint Timely. In that opposition, Defendant argued that Rule 5005(c) does not apply where a party fails to comply with the mandatory procedures for commencing an adversary proceeding and that filing a complaint in the main bankruptcy case does not constitute commencement of a nondischargeability action under Federal Rule of Bankruptcy Procedure 4007(c). Defendant further asserted that the Court lacks authority to retroactively deem an adversary proceeding timely once the Rule 4007(c) deadline has expired, that Plaintiff's arguments improperly seek an extension of the deadline in violation of Federal Rule of Bankruptcy Procedure 9006(b)(3), and that equitable considerations such as intent, diligence, or lack of prejudice are legally irrelevant under controlling Ninth Circuit authority.

### c. Defendant's Motion to Dismiss

On December 1, 2025, Defendant filed the present Motion. In the Motion, Defendant argues that Rule 4007(c) required Plaintiff to file a nondischargeability complaint no later than October 27, 2025, that Plaintiff failed to commence an adversary proceeding by that date, and that the Court lacks discretion to excuse the late filing. Defendant further argues that filing a complaint in the main bankruptcy case does not satisfy Rule 4007(c), that Rule 5005(c) cannot be used to deem the adversary timely, and that equitable considerations such as intent, lack of prejudice, and CM/ECF issues are legally irrelevant. Defendant relies on Federal Rules of Bankruptcy Procedure 4007(c) and 9006(b)(3), as well as controlling case law, including *In re Rhodes*, 71 B.R. 206 (B.A.P. 9th Cir. 1987), *Anwar v. Johnson*, 720 F.3d 1183 (9th Cir. 2013), *and In re Chin Kun An*, 526 B.R. 24 (Bankr. C.D. Cal. 2015).

///

### d. Plaintiff's Opposition

Plaintiff filed an Opposition on December 29, 2025. Plaintiff opposes dismissal, arguing that the complaint was timely delivered to the Court on October 27, 2025, notwithstanding its placement on the main case docket. Plaintiff characterizes the filing error as a ministerial CM/ECF routing mistake, emphasizes that the error was promptly corrected on October 28, 2025 after receipt of the Clerk's Notice of Error, and contends that Federal Rule of Bankruptcy Procedure 5005(c) permits the Court, in the interest of justice, to deem the complaint filed as of its original delivery date. Plaintiff maintains that she is not seeking an extension of the Rule 4007(c) deadline, but rather a corrective remedy to conform the docket to the date the complaint was delivered to the Court and argues that Defendant suffered no prejudice.

## III. Legal Standards[1]

Federal Rule of Bankruptcy Procedure 4007(c) governs the time for filing a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c). The rule provides that such a complaint must be filed no later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a). The rule further provides that the Court may extend the deadline for cause, but only if a motion seeking an extension is filed before the expiration of the deadline.

Federal Rule of Bankruptcy Procedure 9006(b)(3) expressly limits the Court's authority to enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated" in that rule. As a result, once the Rule 4007(c) deadline has expired, the Court lacks discretion to permit a late-filed nondischargeability complaint or to retroactively extend the deadline.

The Ninth Circuit Bankruptcy Appellate Panel and the Ninth Circuit Court of Appeals have consistently held that the Rule 4007(c) deadline is strict and mandatory

---

[1] Although the Motion is brought under Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012, the basis for dismissal is the untimeliness of the adversary complaint under Rule 4007(c), which is apparent from the pleadings and the docket. Where a complaint is barred by a filing deadline that is strictly enforced as a matter of law, dismissal under Rule 12(b)(6) is appropriate.

as to the timing of commencement of a nondischargeability action. A creditor seeking a determination of dischargeability under §§ 523(a)(2), (4), or (6) must either file a timely adversary complaint or file a motion to extend the deadline before it expires. If neither occurs, the bankruptcy court has no discretion to allow the complaint to proceed. *In re Rhodes*, 71 B.R. 206, 207-08 (B.A.P. 9th Cir. 1987).

The Ninth Circuit reaffirmed this principle in *Anwar v. Johnson*, holding that the 60-day deadline imposed by Rule 4007(c) is "strict" and "without qualification" cannot be extended unless a motion is filed before the deadline expires. *Anwar v. Johnson,* 720 F.3d 1183, 1187-88 (9th Cir. 2013). The court further held that equitable considerations, including excusable neglect, lack of prejudice to the debtor, or difficulties with electronic filing, are legally irrelevant and cannot authorize relief from an untimely filing. *Id.* at 1188.

Consistent with this authority, courts within the Central District of California have persuasively held that where an adversary proceeding is not timely commenced through the court's CM/ECF procedures, a nondischargeability action is untimely. Filing a complaint in the main bankruptcy case, without opening an adversary proceeding by the Rule 4007(c) deadline, does not satisfy the rule and renders the complaint untimely. *In re Chin Kun An*, 526 B.R. 24, 28-31 (Bankr. C.D. Cal. 2015).

Because the Rule 4007(c) deadline is not subject to post-expiration enlargement, a complaint that it not timely commenced as required fails. Where the untimeliness of the complaint appears on the face of the pleadings and the docket, dismissal under Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012, is appropriate.[2]

### IV.    Discussion

#### a.    Failure to Commence an Adversary Proceeding by the Deadline

The Ninth Circuit Bankruptcy Appellate Panel has held that a creditor seeking a determination of dischargeability under §§ 523(a)(2), (4), or (6) must either file the

---

[2] Fed. R. Bankr. P. ("FRBP") 7012(b) incorporates FRCP 12(b) and applies it to adversary proceedings.

complaint within the Rule 4007(c) deadline or move for an extension before the deadline expires, and that a bankruptcy court has no discretion to allow a complaint filed after the deadline. *In re Rhodes*, 71 B.R. 206, 207-08 (B.A.P. 9th Cir. 1987). The Ninth Circuit reaffirmed the strict nature of Rule 4007(c) in *Anwar v. Johnson*, holding that the 60-day deadline is "strict" and "without qualification" cannot be extended unless a motion is filed before the deadline expires. *Anwar v. Johnson,* 720 F.3d 1183, 1187-88 (9th Cir. 2013). The *Anwar* court further held that the reason for missing the deadline, lack of prejudice to the debtor, and difficulties with electronic filing are immaterial. *Id.* at 1188.

      Here, it is undisputed that the Rule 4007(c) deadline expired on October 27, 2025 and that Plaintiff did not open an adversary proceeding until October 28, 2025. The question, therefore, is whether Plaintiff's October 27, 2025 main-case filing constituted the timely "fil[ing]" of "a complaint to determine dischargeability" within the meaning of Rule 4007(c), notwithstanding that the adversary proceeding itself was not opened and the complaint was not filed as an adversary until October 28, 2025. The Court therefore must determine whether a complaint electronically filed in the main case but not processed through the adversary-opening procedures prescribed by the Court's CM/ECF system, constitutes a timely commencement of a nondischargeability action under Rule 4007(c).

      **b. Filing in the Main Case Does Not Commence an Adversary Proceeding[3]**

      Plaintiff's central contention is straightforward: because Rule 4007(c) states that a complaint "shall be filed" by the deadline, the filing of the identical complaint on the main bankruptcy docket on October 27, 2025 should be treated as compliance with the rule, even though the adversary proceeding was not opened until October 28, 2025. The difficulty with that position is that controlling Ninth Circuit authority describes what it

---

[3] At least one court in the Central District has taken a different approach under similar factual circumstances. *See In re Bey*, 2014 WL 4071042 (Bankr. C.D. Cal. Aug. 14, 2014) (denying dismissal where a pleading captioned as a nondischargeability complaint was timely filed on the main bankruptcy case docket, but the adversary proceeding was not formally opened until after the Rule 4007(c) deadline). *Bey* did not cite *Anwar v. Johnson*, 720 F.3d 1183 (9th Cir. 2013) and is not binding on this Court.

means to "file" a nondischargeability complaint in a mandatory electronic filing system, and that description requires completion of the process by which nondischargeability complaints are required to be filed and processed under the Court's CM/ECF system.[4]

In *Anwar v. Johnson,* the Ninth Circuit addressed timeliness under Rule 4007(c) in the context of a mandatory electronic filing system. *Anwar* reiterates that Rule 4007(c) is "strict" and "without qualification" cannot be extended unless a motion is filed before the deadline expires. *Anwar v. Johnson*, 720 F.3d 1183, 1187-88 (9th Cir. 2013). Although *Anwar* arose in the context of a complete failure to file a nondischargeability complaint before the deadline, the Ninth Circuit's discussion of the electronic filing process informs what it means to "file" such a complaint in a mandatory CM/ECF system.

Specifically, *Anwar* explains that "[a] creditor seeking to electronically file a nondischargeability complaint must complete two steps: First, the creditor must open an 'adversary proceeding' in the bankruptcy court's electronic filing system. Second, the creditor must electronically file a nondischargeability complaint." *Id.* at 1185. *Anwar* also states that "the deadline for all electronic filings is midnight local time on the day set by the relevant order of the bankruptcy court." *Id.* (citing Rule 9006(a)(4)(A)). On that framework, the Ninth Circuit affirmed dismissal where counsel did not successfully complete the electronic filing process by the midnight deadline, emphasizing that the shortness of the delay and the reason for it were immaterial. *Id.* at 1186-88.

The Court's own published guidance is consistent with this understanding. The Court's Central Guide describes the steps required to open an adversary proceeding through CM/ECF (including selecting "Open AP Case," identifying parties, selecting the nature of suit, attaching the complaint and adversary cover sheet, and completing fee payment), and the Court's CM/ECF Manual explains that once an adversary proceeding is properly commenced, the Court's automated process issues the Summons and

---

[4] Although *Anwar* arose in a different district, its description of the required CM/ECF steps to electronically file a nondischargeability complaint, opening an adversary proceeding and then filing the complaint in that adversary, applies equally in this District's mandatory electronic filing system.

Notice of Status Conference via Notice of Electronic Filing. These procedures underscore that a nondischargeability complaint is not "filed" and processed as such merely by placing the document on the main-case docket under an incorrect event code; the required adversary-opening procedures is the mechanism that triggers the summons process and related notices.

That reasoning addresses the precise conceptual question raised here: whether a paper can be treated as "filed" for Rule 4007(c) purposes when it has been transmitted through CM/ECF in a manner that does not complete the required steps to file a nondischargeability complaint as such. Under *Anwar's* description, the act of "electronically fil[ing] a nondischargeability complaint" is not accomplished by placing the document somewhere on the bankruptcy docket under an incorrect event or in an incorrect procedural vehicle; it is accomplished only when the filer completes the system's two required steps, opening the adversary proceeding and then filing the complaint, before the applicable deadline. *Id.* at 1185.

*In re Chin Kun An,* a decision from this District addressing a materially similar CM/ECF scenario, reinforces the same principle. There, the creditor filed a pleading on the main case docket by the deadline but did not successfully open an adversary proceeding until the following day. *In re Chin Kun An*, 526 B.R. 24, 27-31 (Bankr. C.D. Cal. 2015). The court rejected the argument, on the record before it, that a main-case filing satisfied the Rule 4007(c), explaining that the operative requirement was the timely commencement of the nondischargeability action in the proper procedural posture; the record showed "no filing fee was paid, no adversary number was assigned and no adversary docket was created until the following day," and the creditor therefore "did not commence an adversary proceeding by the required deadline." *Id.* at 27-31. The court further explained that, in a mandatory electronic filing system, the creditor must complete the steps that actually open the adversary proceeding and file the complaint in that adversary, and it treated completion of those steps after the deadline as untimely. *Id.* at 28-31.

The record here tracks that same sequence. On October 27, 2025, Plaintiff filed a document titled "Third-Party Complaint" on the main case docket. On that date, Plaintiff did not open an adversary proceeding, did not pay the adversary filing fee, and no adversary case number was assigned. The Clerk's Notice of Error the next morning stated that the document had been filed in the incorrect case and instructed Plaintiff to withdraw and re-file in the correct case. Plaintiff then opened the adversary proceeding, paid the fee, and re-filed the complaint; the Notice of Electronic Filing reflects the adversary complaint was filed at 3:09 p.m. on October 28, 2025. Under *Anwar's* two-step description of what it means to "electronically file a nondischargeability complaint," and under *Chin Kun An's* application of that concept to a mis-docketed main-case filing, Plaintiff's nondischargeability complaint was not "filed" within the meaning of Rule 4007(c) until the adversary proceeding was opened and the complaint was filed as an adversary on October 28, 2025, one day after the October 27, 2025 deadline.

For these reasons, Plaintiff's October 27, 2025 main-case filing does not satisfy Rule 4007(c)'s requirement that a complaint "shall be filed" by the deadline, because under *Anwar* and *Chin Kun An* the nondischargeability complaint is "filed" for Rule 4007(c) purposes when the filer completes the electronic filing steps that open the adversary proceeding and file the complaint as such, which did not occur until October 28, 2025.

This strict construction of Rule 4007(c) also serves important structural and procedural purposes. The requirement that a nondischargeability action be commenced by the timely opening of an adversary proceeding ensures that the filing of such a complaint triggers the issuance of a summons, establishes a clear response deadline, and provides formal notice to the debtor within a court-supervised procedural framework. Permitting a creditor to satisfy Rule 4007(c) by filing a complaint on the main bankruptcy docket, without opening an adversary proceeding, would undermine the bright-line nature of the rule and create the risk that a creditor could unilaterally control the timing of summons issuance and service. The Bankruptcy Rules are designed to

avoid such uncertainty by requiring strict compliance with the procedures for commencing an adversary proceeding, thereby promoting predictability, uniformity, and fairness in the administration of dischargeability deadlines.

### c. Rule 5005(c) Does Not Permit Relief

Federal Rule of Bankruptcy Procedure 5005(c) addresses the situation where a paper intended to be filed with the clerk is erroneously delivered to one of the specified recipients (e.g., the United States trustee, the trustee, the trustee's attorney, or a judge), and permits the Court, "in the interests of justice," to deem the "original receipt date" shown on such a paper as the date it was filed with the clerk. FRBP 5005(c)(1), (3). It does not address mis-designation of an event code within CM/ECF, and does not override Rules 4007(c) and 9006(b)(3) as construed in *Anwar*. Even assuming Rule 5005(c) could be analogized to an electronic mis-docketing or CM/ECF routing error, it does not provide a basis, consistent with Rules 4007(c) and 9006(b)(3) as construed in *Anwar*, to deem timely a nondischargeability complaint where the required adversary-opening and adversary-filing steps were not completed by the Rule 4007(c) deadline.

Plaintiff's reliance on Federal Rule of Bankruptcy Procedure 5005(c) does not alter the result.[5] Although Plaintiff characterizes the issue as a ministerial CM/ECF routing mistake and requests a "corrective" deeming remedy rather than an "extension,"

---

[5] Rule 5005(c) provides as follows:
(c) When a Paper Is Erroneously Filed or Delivered.
(1) *Paper Intended for the Clerk*. If a paper intended to be filed with the clerk is erroneously delivered to a person listed below, that person must note on it the date of receipt and promptly send it to the clerk:
  • the United States trustee;
  • the trustee;
  • the trustee's attorney;
  • a bankruptcy judge;
  • a district judge;
  • the clerk of the bankruptcy appellate panel; or
  • the clerk of the district court.
(2) *Paper Intended for the United States Trustee*. If a paper intended for the United States trustee is erroneously delivered to the clerk or to another person listed in (1), the clerk or that person must note on it the date of receipt and promptly send it to the United States trustee.
(3) *Applicable Filing Date*. In the interests of justice, the court may order that the original receipt date shown on a paper erroneously delivered under (1) or (2) be deemed the date it was filed with the clerk or sent to the United States trustee.

-11-

the effect of the requested relief would be to treat as timely an adversary proceeding that was not commenced by the Rule 4007(c) deadline. Under controlling Ninth Circuit authority, the Court lacks discretion to grant that kind of post-deadline relief. *Anwar v. Johnson*, 720 F.3d at 1187-88; *In re Rhodes*, 71 B.R. at 207-08.

*In re Chin Kun An,* as noted above, is particularly instructive on this point because it involved precisely the kind of argument raised here, i.e., that a complaint was "filed" on the deadline but was misfiled or not properly opened as an adversary until the next day, and that the defect should be excused based on the filing circumstances and subsequent correction. *In re Chin Kun An,* 526 B.R. at 28-31. There, the court emphasized that the relevant deadline was for the creditor to commence an adversary proceeding by the deadline, and it rejected the contention that the court could treat the action as timely where the adversary proceeding was not opened until the next day. *Id.* at 29-31. The court's reasoning applies with equal force here: the deadline required timely commencement of an adversary proceeding, and that did not occur. *Id.* at 30-31.

The post-deadline Clerk notice likewise does not supply a basis to deem the adversary timely. Here, the Clerk issued the Notice of Error on the morning of October 28, 2025, after the October 27, 2025 deadline had expired, and instructed Plaintiff to withdraw and refile in the correct case. Plaintiff did so promptly, but the adversary proceeding nonetheless was opened one day late. In *Chin Kun An*, the court rejected reliance on the filing circumstances to excuse a failure to timely commence the adversary proceeding. *In re Chin Kun An*, 526 B.R. at 29-31.

Accordingly, Rule 5005(c) does not provide a mechanism to treat the adversary complaint as timely when the adversary proceeding itself was not opened until October 28, 2025, after the Rule 4007(c) deadline of October 27, 2025.

///

///

### d. Equitable Considerations Are Irrelevant

Plaintiff's remaining points, timely delivery to the Court through CM/ECF on October 27, 2025, prompt correction on October 28, 2025 after the Clerk's Notice of Error, the asserted ministerial nature of the error, and the asserted absence of prejudice, do not change the analysis. Ninth Circuit authority makes clear that the Rule 4007(c) deadline is strictly enforced and is not subject to post-deadline enlargement based or equitable tolling based on considerations such as intent, notice, or lack of prejudice. *Anwar v. Johnson*, 720 F.3d at 1188; *In re Rhodes*, 71 B.R. at 207-08. Under those authorities, the reason for missing the deadline and the lack of prejudice are immaterial. *Anwar*, 720 F.3d at 1188.

### V.    Conclusion

For the foregoing reasons, the Motion is GRANTED.

**IT IS SO ORDERED.**

###

Date: January 21, 2026

Scott C. Clarkson
United States Bankruptcy Judge